IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD SHEPARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 2:13-CV-499-WKW |
| UNITED STATES OF ) | [WO] |
| AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **ORDER**

Petitioner Richard Shepard initiated this action with a Motion to Vacate, Set Aside, or Correct Sentence (Doc. # 1) pursuant to 28 U.S.C. § 2255. In the resulting Report and Recommendation (Doc. # 20), the Magistrate Judge determined that the motion was due to be denied with prejudice. Mr. Shepard timely filed Objections to the Report and Recommendation. (Doc. # 21.) In his Objections, Mr. Shepard reasserts the arguments put forth in the initial motion. For the reasons below, the Objections are due to be overruled.

In his first objection, Mr. Shepard argues that his trial counsel rendered ineffective assistance. More specifically, he contends that counsel failed to adequately challenge the sufficiency of evidence of his possession of narcotics and a firearm. A review of the record in this case reveals ample circumstantial evidence demonstrating Mr. Shepard's constructive possession of both the

narcotics and the firearm. This evidence includes firearm and ammunition receipts in Mr. Shepard's name, photographs of Mr. Shepard found in the room where law enforcement located the narcotics and firearm, and the fact that law enforcement found the narcotics in a jacket hanging in a closet adjoining the same room. (*See generally* Doc. # 8-3.) Mr. Shepard fails to identify another plausible argument that his counsel should have raised with respect to the sufficiency of this evidence. (*See* Doc. # 21, at 1-3.) Since his objection on this point established neither deficiency of counsel nor resulting prejudice, he is entitled to no relief based on a claim of ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

Mr. Shepard argues, secondly, that he received ineffective assistance because his trial counsel failed to challenge the sufficiency of the evidence that he possessed the firearm in furtherance of a drug trafficking crime. As indicated in the Report and Recommendation, the record contains sufficient evidence to establish that Mr. Shepard was in possession of a firearm within the meaning of 18 U.S.C. § 924(c). (Doc. # 20, at 11.) Mr. Shepard's Objections, moreover, fail to establish that his counsel rendered deficient performance or that he was in any way prejudiced. See *Strickland*, 466 U.S. at 687-88, 694.

Third, Mr. Shepard reanimates his argument that trial counsel rendered ineffective assistance by failing to file a motion to suppress seized evidence. As

his trial counsel averred, however, no reasonable basis existed for raising such a motion. (Doc. # 7, at 3.) The Fourth Amendment arguments Mr. Shepard raises are meritless. Law enforcement officials seized the evidence in question pursuant to a warrant, which they obtained after conducting extensive police investigation. (Doc. # 7, at 3.) Since Mr. Shepard cannot establish a basis upon which a motion to suppress would have succeeded, he fails to show that his trial counsel's performance fell below any "objective standard of reasonableness." *See Darden v. Wainwright*, 477 U.S. 168, 184 (1986).

In his fourth objection, Mr. Shepard again argues that the assistance of his trial counsel was ineffective due to counsel's failure to object to the Government's use of allegedly perjured testimony. With respect to Officer Hayes's testimony, Mr. Shepard establishes neither that the statements were actually false nor that the Government knew of their alleged mendacity. *See United States v. Bailey*, 123 F.3d 1381, 1395 (11th Cir. 1997). In addition, Mr. Shepard's Objections fall short of establishing that Officer Edwards's statements constituted willful falsehoods. *See id.* Mr. Shepard has not established that the assistance of his attorney was deficient or that he was prejudiced in any way. See *Strickland*, 466 U.S. at 687-88, 694. As to his objection regarding alleged perjury, Mr. Shepard is entitled to no relief.

Fifth, and finally, Mr. Shepard raises an objection attacking the sufficiency of his appellate counsel's assistance.  He argues that his appellate counsel failed to properly raise on appeal an alleged violation of his right to testify.  But as his appellate counsel noted in his affidavit, Mr. Shepard did not identify his desire to testify as an issue he wished to pursue on appeal. (Doc. # 4, at 1-2.)  Further, his counsel asserted that this issue was properly preserved for appeal. (Doc. # 4, at 1-2.)  Mr. Shepard fails, as noted in the Report and Recommendation, to establish either that counsel's performance was deficient or that he was in any way prejudiced by the allegedly deficient performance.  *See Strickland*, 466 U.S. at 687-88, 694.

Accordingly, it is ORDERED that Petitioner's Objections to the Report and Recommendation of the Magistrate Judge (Doc. # 21) are OVERRULED.  It is further ORDERED that the Report and Recommendation of the Magistrate Judge (Doc. # 20) is ADOPTED, that the Motion to Vacate, Set Aside, or Correct Sentence (Doc. # 1) is DENIED, and that this case is DISMISSED with prejudice.

A separate final judgment will be entered.

DONE this 6th day of October, 2015.

                                              /s/ W. Keith Watkins
                                 CHIEF UNITED STATES DISTRICT JUDGE